**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
LORETTA DARLING.,                       :
                                        :    Civ. No. 13-5885 (FLW)
             Plaintiff,                 :
                                        :
     v.                                 :    **OPINION**
                                        :
WEGMANS FOOD MARKETS, INC.              :
WEGMANS BRIDGEWATER,                    :
ABC CORPS. 1-10. *and*                  :
JOHN DOES 1-10,                         :
                                        :
             Defendants.                :
_____:

**WOLFSON, U.S. DISTRICT JUDGE:**

Before the Court is Defendants' Wegmans Food Markets, Inc. and Wegmans Bridgewater ("Wegmans," or "Defendants") motion for summary judgment on Plaintiff Loretta Darling's ("Plaintiff") two count complaint alleging a violation of the Americans with Disabilities Act ("ADA") claim and a wrongful termination claim based upon Plaintiff's termination of employment by Wegmans. For the following reasons, the Court GRANTS Wegmans' motion for summary judgment on all of Plaintiff's claims.

   **I.   BACKGROUND**

Prior to her termination, beginning in 2008, Darling was a part-time, at-will employee of Wegmans at its Bridgewater store location. D. Statement of Material Facts at ¶¶ 2, 4. From January to March 2011, Darling also acted as a caregiver to her sick mother. During this time, Darling lived with her mother, who was receiving home health care and, eventually, hospice care. As part of the care regimen, Darling's mother received oral and topical (transdermal) narcotic pain

1

medication. At times, Darling directly administered these pain medications to her mother following training by medical personnel, until her mother passed away on March 14, 2011. According to Darling, Wegmans was aware of Darling's personal family situation throughout this time.

In April 2011, Darling applied for a full-time position at her Wegmans store. Darling was selected for the position, contingent on Darling successfully passing a physical and drug test. D. Statement of Material Facts at ¶¶ 13-14. However, Darling's drug test indicated a positive result for opiate substances. *Id.* at ¶ 16. Darling claimed that the drug test results were incorrect—a result of Darling having treated her mother with morphine pain killers—and denied ever having used any illegal drugs. *Id.* at ¶ 17. In attempting to resolve this issue, Darling had her mother's medical providers confirm with Wegmans that Darling's test results were the result of caring for her mother. Wegmans, however, upon inquiry to its independent medical review officer and testing laboratory, confirmed that Plaintiff's explanation was not sustainable. *Id.* at ¶¶ 26-28.

Hence, Wegmans informed Darling that due to Darling's drug test results, in order for Darling to continue to be employed by Wegmans she would have to sign several human resources documents acknowledging the test results, and further, would have to successfully undergo a company-mandated "employee assistance program" ("EAP"). D. Statement of Material Facts at ¶ 19. Additionally, Wegmans informed Darling that she would not be promoted to the full-time position for which she had applied and that she would be unable to apply for any other full-time position for a six-month period. *Id.* at ¶¶ 19-20. Darling refused to agree to these directives. D. Statement of Material Facts at ¶ 25.

On May 31, 2011, Darling attended a meeting with Craig Franklin, her manager. *See* May 31, 2011 Conversation Note, Franklin Certif. Ex. D. Darling expected an employee advocate,

Kristin Starkweather, to be present at the meeting. However, Starkweather did not appear. Darling claims she asked for the meeting to be rescheduled at a time Starkweather could attend; however, Franklin refused to reschedule the meeting. *See* Am Compl. at ¶¶ 51-55. At the meeting, Franklin once again pressed Darling to sign the human resource forms discussed above. *See* May 31, 2011 Conversation Note. Darling refused to do so. *Id.* According to Darling, on June 30, 2011, Wegmans terminated her employment on the basis of her refusal to sign the above-mentioned forms.[1]

On June 21, 2013, Plaintiff filed her Complaint in state court, which Wegmans subsequently removed to this Court on October 1, 2013. In the four-count Complaint, Plaintiff asserted: in Count One, a claim for "constructive and wrongful" termination; in Count Two, a violation of the New Jersey Law Against Discrimination ("NJLAD"); in Count Three, a common law claim for negligent infliction of emotional distress; and in Count Four, a common law claim for intentional infliction of emotional distress. Wegmans moved to dismiss Plaintiff's Complaint in its entirety as barred by the applicable two-year statute of limitations, or, in the alternative, on the basis that none of the counts state a claim upon which relief could be granted. After a hearing on April 10, 2014, the Court dismissed Plaintiff's complaint but gave Plaintiff leave to file an Amended Complaint within 20 days.

On May 1, 2014, Plaintiff filed an Amended Complaint, this time asserting two counts: in Count One, that Wegmans violated the Americans with Disabilities Act ("ADA"), and in Count Two, a claim for wrongful termination contrary to Wegmans' Employee Handbook policies.

---

[1] Wegmans asserts that Plaintiff's termination occurred on May 31, 2011, the date Plaintiff refused for a second time to sign the human resource forms discussed above. D. Statement of Material Facts at ¶ 30. However, that dispute is not material to this Court's decision on this motion.

On May 23, 2014, Wegmans moved for summary judgment on the bases that (1) Plaintiff failed to exhaust her administrative remedies before filing her ADA claim, (2) Plaintiff's wrongful termination claim was based on a nonexistent provision of the Employee Handbook and (3) the Employee Handbook was not a contract.

Plaintiff opposed the motion, arguing that (1) summary judgment was premature because no discovery had yet occurred, (2) Wegmans' failure to provide an employee advocate at her May 31, 2011 meeting was in violation of Wegmans' Comprehensive Company Policy Manual, and (3) genuine issues of material fact existed about the contents of the company policy manual because it had not yet been produced.  Plaintiff does not contest that she failed to exhaust her ADA claim. D. Statement of Material Facts at ¶¶ 32-33; P. Response to D. Statement of Material Facts at ¶¶ 32-33.

In its reply, Wegmans produced the company policy manual, argued that further discovery is unnecessary, and further contended that the manual does not contain a provision mandating the presence of an employee advocate at disciplinary meetings.

## II.     STANDARD OF REVIEW

A moving party is entitled to judgment as a matter of law where there is no genuine issue as to any material fact.  *See* FED R. CIV. P. 56(c); *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000) (citing FED R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013).  The burden of demonstrating the absence of a genuine issue of material fact falls on the moving party.  *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 305 (3d Cir. 1999).  Once the moving party has satisfied this initial burden, the opposing party must identify "specific facts which demonstrate that there exists a genuine issue for trial." *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).

Not every issue of fact will be sufficient to defeat a motion for summary judgment; issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, the nonmoving party cannot rest upon mere allegations; he must present actual evidence that creates a genuine issue of material fact. *See* FED R. CIV. P. 56(e); *Anderson*, 477 U.S. at 249 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). In conducting a review of the facts, the non-moving party is entitled to all reasonable inferences and the record is construed in the light most favorable to that party. *hip Heightened Independence & Progress, Inc. v. Port Auth. of New York & New Jersey*, 693 F.3d 345, 351 (3d Cir. 2012). Accordingly, it is not the Court's role to make findings of fact, but to analyze the facts presented and determine if a reasonable jury could return a verdict for the nonmoving party. *See Brooks*, 204 F.3d at 105 n.5 (citing *Anderson*, 477 U.S. at 249); *Big Apple BMW v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

### A. Plaintiff's Claims Under the ADA

"[T]he ADA ... require[s] pursuit of administrative remedies before a plaintiff may file a complaint in court." *Churchill v. Star Enterprises,* 183 F.3d 184, 190 (3d Cir. 1999); *see also Overby v. Boeing Global Staffing*, No. 14-1683, 2014 WL 3057370 (3d Cir. July 8, 2014). To meet this requirement, a plaintiff must "follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-05." *Id.* The "prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue." *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir. 1976). The Supreme Court has determined that administrative "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."

*McCarthy v. Madigan,* 503 U.S. 140, 145 (1992). Exhaustion requirements ensure "that agencies, not the courts, . . . have primary responsibility for the programs that Congress has charged them to administer." *Id.* at 145. In addition, when administrative review fails to resolve the matter, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Id.* at 145-146.

Here, Plaintiff does not dispute Wegmans' statements of material fact that Plaintiff failed to exhaust her administrative remedies before filing her ADA claim. Nor does she oppose, or even address, Wegmans' arguments to that effect in her response to Wegmans' motion for summary judgment. "It is well settled that a . . . failure to identify or argue an issue . . . constitutes a waiver of that issue . . ." *Leslie v. Attorney General of the United States,* 611 F.3d 174, n. 2 (3d Cir. 2010); *see also* L.R. 56.1 ("[A]ny material fact not disputed shall be deemed undisputed for purposes of [a] summary judgment motion."). Accordingly, the Court finds Wegmans' assertion that Plaintiff has failed to exhaust her administrative remedies before filing her ADA claim is undisputed. Because Plaintiff has not exhausted her administrative remedies, the Court grants Wegmans' motion for summary judgment on Plaintiff's ADA claim.

 B. *Plaintiff's Wrongful Termination Claim*

New Jersey presumes employees to be "at-will," and "an employer may fire an employee for good reason, bad reason, or no reason at all under the employment-at-will doctrine." *Witkowski v. Thomas J. Lipton, Inc.,* 136 N.J. 385 (1994); *see also McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014). To overcome the presumption of at-will employment, a claimant must show that "an agreement exists that provides otherwise." *Bernard v. IMI Sys., Inc.,* 131 N.J. 91 (1993). While the Third Circuit has "found implied contracts to be created by the employer's

6

representations" that can form the basis of a wrongful termination claim, a claimant's pleadings must create "more than a suspicion of a legally cognizable right of action." *McCrone*, 561 at 173.

> [T]he basic test for determining whether a contract of employment can be implied turns on the reasonable expectations of employees. A number of factors bear on whether an employee may reasonably understand that an employment manual is intended to provide enforceable employment obligations, including the definiteness and comprehensiveness of the termination policy and the context of the manual's preparation and distribution.

*Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 393 (1994); *see also, e.g.*, *Michaels v. BJ'S Wholesale Club, Inc.*, No. 11-cv-05657, 2014 WL 2805098 (D.N.J. June 19, 2014). Here, Plaintiff contends that Wegmans' employee handbook and/or company policies create such an obligation.

An employer can prevent an employment manual from being construed as an employment contract by displaying a "clear and prominent" disclaimer within the manual. *Woolley v. Hoffmann-La Roche, Inc.*, 99 N.J. 284, 285, *modified on other grounds*, 101 N.J. 10 (1985); *see also Nicosia v. Wakefern Food Corp.*, 136 N.J. 401, 413-14 (1994). "Employers wishing to confirm the terminable at-will status of their employees should include three components within their disclaimer: (1) that the employment relationship is terminable at the will of either party, (2) that it is terminable with or without cause, and (3) that it is terminable without prior notice." *Id.*

Wegmans provides two copies of its handbook, the 2008 version Plaintiff received and the 2011 version that superseded Plaintiff's copy. *See* Abbot Reply Certif. at ¶¶ 1-7. Each handbook clearly states at the outset that it should not be viewed as a contract, does not alter the "at-will" status of its employees, and that employees "may be terminated at any time, by either party, for any reason or no reason and with or without notice." 2008 Employee Handbook at 5; 2011 Employee Handbook at 1. Such a disclaimer easily meets the "clear and prominent" standard articulated in *Woolley*. *See, e.g.*, *Wiegand v. Motiva Enterprises, LLC*, 295 F. Supp. 2d 465, 478

7

(D.N.J. 2003) (finding there was "no question" that an employer's disclaimer on an employment manual precluded the manual from being construed as an employment contract where the disclaimer stated, "THIS HANDBOOK . . . DOES NOT CONSTITUTE AN EMPLOYMENT CONTRACT" and that "THE COMPANY IS . . . FREE TO TERMINATE THE EMPLOYEE AT ANY TIME FOR ANY REASON."). Furthermore, neither version of the handbook lists specific termination nor progressive disciplinary policies. *See generally* 2008 Employee Handbook; 2011 Employee Handbook. Rather, the handbooks state general policies, such as Wegmans' non-harassment, workplace safety, confidentiality, drug and alcohol, and social media policies, as well as Wegmans' work rules. *Id.* Wegmans does not detail specific procedures it plans to take in the event that its policies are violated—Wegmans merely states that "failure to comply with [the] polic[ies] may result in disciplinary action up to and including termination of employment." *Id.* Courts have found other handbooks with more specific language, including instances of immediate discharge, do not rise to an employment contract. *E.g.*, *Normand v. Goodyear Tire & Rubber Co.*, No. 05-1880, 2005 WL 1657032 (D.N.J. July 13, 2005). Given the clear language that the employment relationship it terminable at will and without case and the lack of procedural detail contained in Wegmans' handbooks, no employment contract can be construed from them.

Even if the Wegmans employee handbook could constitute a contract, Plaintiff's assertion that she was entitled to an employee advocate at her May 31, 2011 meeting pursuant to the employee handbook lacks foundation. Neither version of the handbook contains a provision mandating the presence of an employee advocate at a disciplinary meeting or any other such meeting. *See generally* 2008 Employee Handbook; 2011 Employee Handbook.

Although in her amended complaint Plaintiff claimed she was wrongfully terminated in violation of Wegmans' employee handbook and made no mention of a Comprehensive Company

Policy Manual, *see* Am. Compl. at ¶ 92-99, in her opposition to the motion for summary judgment Plaintiff now asserts that Wegmans' failure to provide an employee advocate at her May 31, 2011 meeting is in violation of its Comprehensive Company Policy Manual. Thus, plaintiff, who acknowledges that the Comprehensive Company Policy Manual is a separate document from the employee handbook that she received, is improperly amending her complaint through her opposition brief. *See* P. Response to D. Statement of Material Facts, at ¶¶ 7-8. This she cannot do. "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008).

Even if the Court were to review Plaintiff's newly raised allegation that the absence of an employee advocate at her May 31, 2011 meeting violated Wegmans' Comprehensive Company Policy Manual, the policy manual is, like the employee handbook, insufficiently definite so as to constitute an employment contract. *Witkowski*, 136 N.J. at 393. More specifically, no provision mandating the presence of an employee advocate at disciplinary meetings exists in the manual. *See generally* Company Policy Manual.

Finally, Plaintiff argues that Wegmans' motion for summary judgment is premature because discovery has not yet moved forward. However, Plaintiff has not argued for additional discovery through an affidavit or sworn declaration as required in Rule 56(d) of the Federal Rules of Civil Procedure. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988) ("This court has interpreted Rule 56(f) [a previous iteration of Rule 56(d)] as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."); *see also Malouf v.*

*Turner*, 814 F. Supp. 2d 454, 459 (D.N.J. 2011); FED. R. CIV. P. 56(d). Indeed, Plaintiff's only response in her brief as to what additional discovery may be necessary is that Plaintiff would seek discovery of the company policy manual. But Wegmans has produced the material documents in this case—namely, the employee handbook and the policy manual—and Plaintiff's claims can be adjudicated based on those documents and undisputed facts. *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 230 (3d Cir. 1987) (Because plaintiffs' claim "was properly resolved as a matter of law on the basis of stipulated facts, factual discovery was unnecessary."). Thus, the motion is not premature, and Wegmans' motion for summary judgment on Plaintiff's wrongful termination claim must be granted.

## IV. CONCLUSION

For the reasons stated above, the Court grants Wegmans' motion for summary judgment on Plaintiff's ADA and wrongful termination claims. The complaint is dismissed. An appropriate order shall follow.

Dated: September 12, 2014

/s/ Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.